FILED

JUN 29 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

METTEYYA BRAHMANA,

        Plaintiff - Appellant,

  v.

JOSEPH LOWELL HENARD; COUNTY
OF SANTA CRUZ,

        Defendants - Appellees.

No. 11-15790

D.C. No. 5:10-cv-01790-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Metteyya Brahmana appeals pro se from the district court's judgment

dismissing his lawsuit alleging that Officer Joseph Henard violated numerous

federal and state laws when he informed third parties of a criminal investigation

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against Brahmana that was ultimately dropped. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995), and we affirm.

The district court properly dismissed Brahmana's due process claims because Brahmana failed to allege either a violation of a liberty interest protected by the substantive aspect of the Due Process Clause, or insufficient procedural protections of his state-created liberty interests in violation of the procedural aspect of the Due Process Clause. *See id.* at 793-95 (explaining that while procedural due process claims may arise from state-created liberty interests, a substantive due process claim requires a violation of a fundamental liberty).

The district court properly dismissed Brahmana's equal protection claim premised on a "class of one" theory because such a claim is inapplicable to the inherently discretionary decision by officials to investigate him. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 602-03 (2008) (explaining the inapplicability of the "class of one" theory to discretionary decisions).

The district court properly dismissed Brahmana's state law claims on immunity grounds because, under California law, Officer Henard's public statements concerning the investigation are immunized, even if he acted maliciously and without probable cause and officials ultimately decided not to

bring charges against Brahmana. *See* Cal. Gov't Code § 821.6 (a public employee is not liable for "injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause"); *Gillan v. City of San Marino*, 55 Cal. Rptr. 3d 158, 171 (Ct. App. 2007) (applying § 821.6 to statements during investigations, even if the authorities decide later not to bring charges); *cf. Cappuccio, Inc. v. Harmon*, 257 Cal. Rptr. 4, 6 (Ct. App. 1989) (applying § 821.6 to announcements of the result of an investigation).

Brahmana's remaining contentions are unpersuasive.

**AFFIRMED.**